IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| JAMES CAMPBELL | § | |
| v. | § | CIVIL ACTION NO. 6:05cv258 |
| MAJOR ROBERT FOX | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Plaintiff James Campbell, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Campbell asserted that Major Fox failed to protect him when he, Campbell, complained of being in danger while housed in safekeeping status. He says that he was sexually assaulted twice while housed in safekeeping. Campbell says although he asked to be moved off of safekeeping and placed back in the general population, Major Fox refused to accede to his wishes.

After an evidentiary hearing, the Magistrate Judge issued a Report on July 5, 2006, recommending that the lawsuit be dismissed. The Magistrate Judge stated that Campbell's claim was essentially one of deliberate indifference to his safety. To prevail in such a claim, the Magistrate Judge said, the prisoner must show that the prison official knows of and disregards an excessive threat to inmate health or safety; in other words, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must draw the inference. Farmer v. Brennan, 511 U.S. 825, 837 (1994). A showing of negligent indifference is not

sufficient to show Section 1983 liability. Farmer, 511 U.S. at 838; Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994).

In the present case, the Magistrate Judge said, Campbell was assigned to safekeeping, a custody status affording a higher level of protection from assault. The Fifth Circuit has explained that safekeeping is a housing status which "separates vulnerable individuals from more aggressive offenders." Johnson v. Johnson, 385 F.3d 503, 512 (5th Cir. 2004).

In the present case, as the Magistrate Judge observed, Campbell was housed in a more secure housing area, and requested re-assignment to a less secure one, general population. The Magistrate Judge explained as follows:

> Although Campbell asked several times to be removed from safekeeping and put back into general population, the failure to accede to this request is not automatically tantamount to deliberate indifference to his safety, particularly in light of the fact that by making such a move, Campbell would be going from a more secure housing assignment to a less secure one. Even if a risk to Campbell's safety existed in safekeeping which Major Fox should have perceived but did not, this is not a constitutional violation under Farmer, 114 S.Ct. at 1979. In keeping Campbell assigned to safekeeping, Major Fox was retaining him in a more secure housing area. Even if the assumption that this would better protect Campbell's safety later proved to be in error, that does not show that Major Fox was deliberately indifferent to Campbell's safety by assigning him to safekeeping rather than general population.

The Magistrate Judge went on to observe that when Campbell complained of his life being in danger prior to the alleged assaults, the prison officials ordered an investigation by Lt. Walker, but when Walker met with him, Campbell told her that he did not believe that his life was in danger. The Magistrate Judge concluded that Campbell did not show that Major Fox was deliberately indifferent to his safety by refusing to move him from a more secure housing area into a more dangerous one, and that even if Campbell showed that Fox was negligent toward his safety, this would not set out a constitutional violation. The Magistrate Judge therefore recommended that the lawsuit be dismissed.

Campbell filed objections to the Magistrate Judge's Report on July 13, 2006. In his objections, Campbell reiterates his claims, saying that he told Major Fox that he had enemies on the safekeeping wing but that Fox made him go there anyway. He says that he was sexually assaulted

by an inmate named Johnson after complaining to Fox, and was moved to another cellblock, but that Johnson was later moved to that same cellblock, where he tried to assault Campbell again. He says that the Magistrate Judge erroneously concluded that Fox was not deliberately indifferent for refusing to move Campbell to general population, when in fact a move to the general population was only one of the possible solutions open to Fox.

Campbell says that safekeeping is not exempt from the "everyday pattern of violence" in prison life and that no matter where a vulnerable prisoner is placed, there exists a situation where one prisoner is weaker than another and so there will always be victimization by the more aggressive. He says that his assailants were also safekeeping prisoners and so it was "reasonable" to want protection from them.

Although Campbell says that other possible remedies existed, the prison records show, and he does not dispute, that he consistently requested placement in general population. Nowhere does Campbell say, or do the records show, that he ever requested placement in protective custody, a housing classification even more secure than safekeeping, or that he ever sought any relief other than placement in general population.

A showing of deliberate indifference requires a showing that the prison official had "a sufficiently culpable state of mind." Calhoun v. Hargrove, 312 F.3d 730, 734 (5th Cir. 2002); *accord*, Wilson v. Seiter, 501 U.S. 294, 111 S.Ct. 2321, 2325 (1991) (infliction of punishment requires culpable state of mind). As the Magistrate Judge stated, Major Fox was faced with a situation where an inmate in a more secure housing area, safekeeping, specifically requested a transfer to a more dangerous housing area, general population. Even if Fox's refusal to comply with this request may have been negligent or careless, Campbell simply has not shown that Fox was deliberately indifferent to his safety by refusing to place him in general population, or by failing to

take other steps which Campbell himself did not request.[1] His objection on this point is without merit.

Campbell also appears to complain that the Magistrate Judge used the prison records to contradict his statements and testimony. A review of the Magistrate Judge's Report shows no such usage. The Magistrate Judge set out what the prison records contained but made no credibility determinations based upon these records. Campbell does not point to any specific instance in which the Magistrate Judge contradicted his statements or testimony with the prison records; instead, these records confirm Campbell's assertion that he requested to be removed from safekeeping and placed in general population, and that this request was refused. Campbell's objection on this point is without merit as well. As the Magistrate Judge explained, even if a risk to Campbell's safety existed with Major Fox should have perceived but did not, this is not a constitutional violation under Farmer, 114 S.Ct. at 1979.

The Court has conducted a careful *de novo* review of all of the pleadings in this cause, including the Plaintiff's complaint and testimony at the evidentiary hearing, the Report of the Magistrate Judge, the Plaintiff's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED with prejudice as frivolous. 28 U.S.C. §1915A(b). Finally, it is hereby

---

[1] The fact that Campbell says that he told Major Fox about specific threats to his safety does not change this conclusion, because Campbell has not shown that Fox knew or should have known that he would be safer in a more dangerous housing area than in a more secure one. *See generally* Davidson v. Cannon, 474 U.S. 344, 348 (1986).

ORDERED that any and all motions which may be pending in this cause are hereby DENIED.

**So ORDERED and SIGNED this 15th day of August, 2006.**

**LEONARD DAVIS**
**UNITED STATES DISTRICT JUDGE**